**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2133-15T4

COMMUNITY FIRE AND WATER
DAMAGE RESTORATION, LLC and
CHRIS OJUGO,

      Plaintiffs-Respondents,

v.

HARRIET ROTHSCHILD,

      Defendant-Appellant.

_____

HARRIET ROTHSCHILD,

      Third-Party Plaintiff-
      Appellant,

v.

ROYAL DISASTER RECOVERY, INC.
a/k/a ROYAL EMERGENCY DISASTER
RECOVERY INC.,

      Third-Party Defendant,

and

CHRIS OJUGO,

      Third-Party Defendant-
      Respondent.

_____

Argued April 25, 2017 — Decided July 31, 2017

Before Judges Espinosa and Grall.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-4148-13.

Gavin I. Handwerker argued the cause for appellant (The Beinhaker Law Firm, LLC, attorneys; Mr. Handwerker, on the briefs).

Chinemerem N. Njoku argued the cause for respondents.

PER CURIAM

Plaintiffs, Community Fire and Water Damage Restoration, LLC and Chris Ojugo, its sole member (collectively CFW) remediated flood-water damage to a home in Plainfield. CFW sued the homeowner, defendant Harriett Rothschild, for $34,939.29, the amount CFW invoiced minus the homeowner's $8394 deposit. The total amount invoiced, $43,332.29, was significantly lower than the contract price, $56,137.21. CFW also sought punitive damages, counsel fees and "such other relief as the Court shall deem fair and equitable."

Rothschild answered and filed a counterclaim and a third-party complaint against Ojugo and his solely owned corporation Royal Disaster Recovery, Inc. She alleged violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, its supplementing Contractors' Registration Act, N.J.S.A. 56:8-136 to -152, and the Home Improvement Practices regulations,

N.J.A.C. 13:45A-16.1 to -16.2, authorized by N.J.S.A. 56:8-4 and directed by N.J.S.A. 56:8-152. She also alleged breach of contract and the covenant of good faith and fair dealing and promissory estoppel.

On joint stipulation, the parties tried the case to the court. Ojugo was the only witness. At the conclusion of CFW's case, Rothschild's attorney rested and moved for a "directed verdict," Rule 4:40-1. CFW also rested and moved for directed verdict. CFW did not move for involuntary dismissal of Rothschild's CFA claim pursuant to Rules 4:37-2(b) and 4:37-3. See Perez v. Professionally Green, LLC, 215 N.J. 388, 392-93 (2013) (holding a Rule 4:37-2(b) dismissal of an action under N.J.S.A. 56:8-19, when based on proofs inadequate to permit a rational juror to find an ascertainable loss caused by a technical violation, requires dismissal of the CFA claim and precludes recovery of counsel fees).

After combined arguments on the motions and summations addressing the evidence at trial,[1] the court filed a written opinion and entered judgment. The court did not address the

---

[1] "[I]n lieu of separate arguments for counsel with respect to each directed verdict and then ultimately a summation, [counsel agreed to] make their argument in one."

pending motions and, instead considered the evidence, deemed Ojugo's testimony credible, found the facts and applied the law.

The court dismissed Rothschild's claims for breach of contract and promissory estoppel for failure of proof. The court dismissed Rothschild's CFA claim for failure to establish an ascertainable loss caused by a technical violation of N.J.S.A. 56:8.151 or N.J.A.C. 13:45A-16.2(a)(12). The court awarded Ojugo and CFW $34,938.29, plus interest and court costs, and denied CFW's request for punitive damages and attorney's fees.

The court concluded CFW was entitled to $34,938.29 on alternative grounds: (1) as damages for breach of contract; and (2) as the reasonable valuable for the services invoiced, which "substantially discounted" the invoiced amount, finding that CFW did the work expecting payment and Rothschild would be unjustly enriched if not required to pay the reasonable value. Marascio v. Campanella, 298 N.J. Super. 491, 504-05 (App. Div. 1997) Id. at 504-05. In applying quantum meruit, the trial court relied on this court's decision in Marascio v. Campanella, 298 N.J. Super. 491 (App. Div. 1997).

Rothschild appeals and argues: 1) CFW's recovery is barred by the contractor's "technical violations" of the CFA; 2) she established an ascertainable loss, specifically an attorney fee

she paid to vacate CFW's construction liens, and was, therefore, entitled to treble damages and attorney's fees; and 3) Ojugo was not entitled to judgment in his personal capacity.

Because Rothschild did not raise her claim based on the form of judgment when the court addressed that question prior to trial, we decline to deviate from our general practice by considering an issue raised for the first time on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Rothschild did not address quantum meruit in her opening brief on appeal. She addressed that issue for the first time in her reply brief.

In her reply brief, Rothschild recognizes quantum meruit as an exception to the general rule she asserts precluding a technically violating contractor from recovering the value of services rendered. In doing so, she defeats her first argument for reversal of the $34,938.29 award in CFW's favor on that ground. Rothschild does not urge us to conclude that Marascio was wrongly decided or argue a different course of action. Indeed, her attorney brought the trial court's attention to one of the unpublished decisions of this court relying, in part, on Marascio.

In Marascio, we held that quantum meruit was a remedy available to a contractor who could not enforce an oral

agreement for services for covered by N.J.S.A. 56:8-151(a) and
N.J.A.C. 13:45A-16.2(a)(12).  298 N.J. Super. at 503.  Having
concluded that a retrial was required due to erroneous
evidentiary rulings, we directed the trial court to permit the
contractor to establish the reasonable value of the services he
rendered during "the remand trial."  Id. at 504.

Rothschild does not argue that the trial court erred in
assessing the reasonable value of CFW's services.  The only
argument she advances to defeat an award based on quantum meruit
is that CFW did not plead a claim for that relief.  But
Rothschild's attorney raised that issue in his argument at the
end of trial, and, pointing to CFW's general request for
equitable relief, the court rejected the claim.  Questions of
pleadings and their amendment to conform to the evidence are
left to the trial court's discretion in light of the situation
existing at the time.  Kernan v. One Wash. Park Urban Renewal
Assocs., 154 N.J. 437, 457 (1998).

Given the thrust of CFW's case, the reference to equitable
relief in CFW's complaint and CFW's closing argument stressing
that Rothschild's failure to pay left her with the benefit of a
remediated home and CFW without payment and an obligation to pay
for materials and labor costs, we find no abuse of the court's
discretion in light of the situation at trial that warrants our

6                                          A-2133-15T4

intervention in the interest of justice. R. 2:10-2. Rothschild's attorney had abbreviated the trial by resting at the close of CFW's case and did not ask for an opportunity to reopen to meet the quantum meruit claim as Rule 4:9-2 permits.

Rothschild's argument on quantum meruit has insufficient merit to warrant any additional discussion. R. 2:11-3(e)(1)(E).

The only remaining argument for reversal is Rothschild's claim that the court erred in determining that she failed to establish an ascertainable loss caused by a technical violation. Rothschild acknowledges, quite correctly, that a party claiming a technical violation of a mandate set forth in the CFA must prove "an 'ascertainable loss' directly attributable to [the offending parties'] unlawful practice" to establish entitlement to treble damages under the N.J.S.A. 56:8-19. (quoting Roberts v. Cowgill, 316 N.J. Super. 33, 41 (App. Div. 1998)).

Rothschild contends the $8581.45 attorney fee she incurred to vacate CFW's lien is an ascertainable loss. But she presents no argument to establish error in the trial court's conclusion that the "fee" was not incurred as a consequence of CFW's technical non-compliance with N.J.S.A. 56:8-151 or N.J.A.C. 13:45A-16.2(a)(12). The only documentary evidence of the construction lien does not establish its amount or the reason

for vacating it.[2]  By Ojugo's testimony and the representation made by Rothschild's attorney, who represented her at trial, on her application to vacate the lien and now represents her on appeal, the liens were vacated because they included Rothschild's daughter, who was not a party to the contract but was identified as an owner of the property.  The judgment states that CFW's opposition to Rothschild's application was "as to attorney's fees only" and that the fees and costs were awarded pursuant to N.J.S.A. 2A:44A-12(b) and N.J.S.A. 2A:44A-30(e).

The trial court's opinion states:  "In its Counterclaim and Third-Party Complaint, the defense claimed undetermined single damages 'of not less than $34,939.29'. . . . At trial, defense counsel clarified that its claimed ascertainable loss amount for single damages for purposes of the CFA totaled $8,581.45." Nevertheless, on appeal Rothschild argues that the "$8000 [sic] deposit" she paid was an ascertainable loss.  That deposit, actually $8349, was deducted from the $43,332.29 total charge for services to reach the $34,938.29 amount CFW and Ojugo sought to recover.  Ojugo, whose testimony the trial court credited,

_____

[2] It is worth noting Rothschild offered the judgment for admission into evidence and the court admitted it, over CFW's objection, after the parties rested, moved for directed verdicts and argued the motions and the causes of action.

estimated the work he undertook would cost $56,137.21, and during his testimony Ojugo explained he discounted the estimated price after working with Rothschild's insurer.[3] Moreover, the portion of Rothschild's brief on appeal addressing ascertainable loss, as with the claim based on the attorney fees in the action on the liens, includes no argument identifying a causal relationship between the deposit and CFW's non-compliance with N.J.S.A. 56:8-151 or N.J.A.C. 13:45A-16.2(a)(12).[4]

For all of the foregoing reasons, we reject the arguments Rothschild presents in support of reversal. In reviewing the record in light of the issues discussed above, we have considered whether "there is substantial evidence in support of the trial judge's findings and conclusions," Rova Farms Resort,

---

[3] The trial court found that Rothschild accepted and agreed to the detailed estimate Ojugo submitted by completing and signing the contract for services form she signed nine days after receiving the estimate. Each page of the estimate explaining the tasks and the cost of the work, materials and labor involved, states the estimate is subject to the insurer's review and final approval.

[4] The record on appeal includes Rothschild's check for $8349 payable to CFW and dated August 3, 2011. On the memo line Rothschild wrote, "1/3 of basement cost." The invoice accompanying the check on the exhibit has an entry stating, "Initial invoice for mold remediation. Basement remediation cost is $23,983.55 with a deposit of 35% ($8,349)." The invoice has a second entry dated September 30, 2011, indicating a deposit needed in that amount. Another invoice entry indicates a credit in that amount dated September 30, 2011, which was not addressed in Ojugo's testimony on direct or cross-examination.

A-2133-15T4

Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974), and we have accepted the court's "factual findings and legal conclusions" that CFW is entitled to the award on quantum meruit because we are not "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original) (quoting other precedents)); cf. Perez, supra, 215 N.J. at 399 (discussing summary judgment and noting, "Our review is de novo; '[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Because Rothschild acknowledges the applicability of quantum meruit despite technical violations of the CFA and does not argue entitlement to a counsel fee independent of treble damages, we do not address that question. We further note that our opinion should not be understood as approving the trial court's conclusion that "the defense failed to establish any CFA violations or is barred by equitable estoppel."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2133-15T4